## IN THE UNITED STATES DISTRICT COURT OF MARYLAND
## BALTIMORE DIVISION

|  |  |
|---|---|
| | * |
| **TERRY LEE NICKENS** | * |
| 3409 Northway Drive | |
| Parkville, Maryland 21234 | * |
| PLAINTIFF | |
| | * |
| vs. | |
| | * |
| **STATE EMPLOYEES CREDIT UNION** | |
| **OF MARYLAND, INC** | * |
| *AKA : SECU* | |
| SERVE: RODNEY H. STAATZ, PRESIDENT | * |
| /CEO | |
| 971 CORPORATE BOULEVARD | * |
| LINTHICUM, MD 21090 | |
| | * |
| AND | |
| | * |
| **RODNEY H. STAATZ**   Civil Case No.: _____ | |
| *In his official and personal capacity* | * |
| 2269 MERION POND UNIT 32 | |
| WOODSTOCK, MARYLAND 21163 | * |
| | |
| AND | * |
| | |
| **CARLOS M. EDWARDS** | * |
| *In his official and personal capacity* | |
| 4908 SWEET AIR ROAD | * |
| BALDWIN, MARYLAND 21013 | |
| | * |
| AND | |
| | * |
| **TRACY MARIE TEMPLETON-SHANK** | |
| *In her official and personal capacity* | * |
| 8501 WIRSING WAY | |
| BALTIMORE MD 21236 | * |
| | |
| AND | * |
| | |
| **CHRISTOPHER X. GROSHKO** | * |
| *In his official and personal capacity* | |
| 971 Corporate Boulevard | * |
| Linthicum, Maryland 21090 | |

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218**
**Tel: (410) 662-1230**
**Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

1

DEFENDANTS'

\*

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff Terry Lee Nickens, by her attorneys JESSIE LYONS CRAWFORD, ESQUIRE and THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC, and sues the aforementioned defendants. In support of her cause of action states:

### I. PRELIMINARY STATEMENT

1.      This action for declaratory, injunctive, monetary and other appropriate relief is brought by plaintiff to redress intentional violations by defendant of rights secured to  the laws of the United States and the statutory and common law of the State of Maryland .  This action arises under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Sections 2000e et seq., ("Title VII"), this Court has supplemental jurisdiction over this matter pursuant to Md. State Government Code Ann. § 20 and Md. Code Ann., Cts. & Jud.  Proc. 6-102 and 6-103. 1.   This action gives rise to a cause of action , the Fair Labor Standards Act C 201 et seq , The Equal Pay Act, 42 U.S.C.A §§ 12101 et seq. ("ADA"), and the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §626, et seq., and other State Law claims.

### II. PARTIES

2.      Plaintiff **Terry Lee Nickens**, (hereinafter "Plaintiff" or "Mrs. Nickens") is at all times material herein an African American female citizen over the age of 40, of the United States and the State of Maryland.  At all times relevant herein Plaintiff has been employed by State Employees Credit Union of Maryland, Inc.,,  ("SECU") for approximately sixteen (16) years.

3.      Defendant **State Employees Credit Union of Maryland, Inc**., ("SECU") is a Maryland Corporation that conducts business in the State of Maryland and the District of

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218 Tel: (410) 662-1230 Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

Columbia.   Defendant has numerous establishments across the State of Maryland and employs more than 15 people.

4.       Defendant**, Rodney H. Staatz**, (hereinafter "Defendant Staatz" or Mr. Staatz") at all times relevant herein is a Caucasian male over forty (40) and resides in the State of Maryland. At all times relevant herein Mr. Staatz was the CEO of Defendant SECU and had supervisory control over Plaintiff.   Defendant Staatz is being sued in his individual and official capacity.

5.       Defendant, **Carlos M. Edwards,** (hereinafter "Defendant Edwards" or Mr. Edwards") at all times relevant herein is an African American male under forty (40) and resides in the State of Maryland.   At all times relevant herein Mr. Edwards was the Branch Manager of Defendant Secu's Towson Branch and had supervisory control over Plaintiff.   Defendant Edwards is being sued in his individual and official capacity.

6.       Defendant, **Tracy Marie Templeton-Shank**, (hereinafter "Defendant Templeton-Shank" or Mrs. Templeton-Shank") at all times relevant herein is a Caucasian female under forty (40) and resides in the State of Maryland.   At all times relevant herein Mr. Templeton-Shank was the Assistant Branch Manager of Defendant Secu's Towson Branch and had supervisory control over Plaintiff.   Defendant Templeton-Shank is being sued in her individual and official capacity.

7.       Defendant, **Christopher X. Groshko**, (hereinafter "Defendant Groshkos" or Mr. Groshko") at all times relevant herein is Caucasian male under forty (40) and resides in the State of Maryland.   At all times relevant herein Mr. Groshko is Senior Manager Retail Banking of Defendant Secu's Corporate Office and had supervisory control over Plaintiff.   Defendant Groshkos is being sued in his individual and official capacity.

### III. JURISDICTION

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218 Tel:  (410) 662-1230 Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

7.    Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 29 U.S.C. § 1132€, all of which provide for original jurisdiction of plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

8.    The court has supplemental jurisdiction under 28 U.S.C. §1367 over plaintiff's claims under the statutory and common laws of the State of Maryland because plaintiff's claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under article 3 of the U.S. Constitution.

9.    Venue is proper in this district under 28 U.S.C. §1391(a)(2), and §1391(b)(2) because Defendants are located in this district and the events or omissions giving rise to this claim occurred in this district.   Also, venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices were committed in this district, the employment records relevant to the alleged unlawful employment practices are maintained and administered in this district, and Defendant SECU has offices in this district.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.    Plaintiff timely filed charges of discrimination against the Defendants' with the Maryland Commission on Human Rights who crossed file the Complaint with the Equal Employment Opportunity Commission (EEOC).   Plaintiff files this complaint within (ninety) 90 days after receiving a notice of the right to sue from the EEOC. (Attached hereto as "Exhibit A"). Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

## VI. FACTUAL ALLEGATIONS

11.    Plaintiff had been employed with Defendant SECU since August 1995.

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218 Tel: (410) 662-1230 Fax: (410) 662-1238**

**attorneyjlcrawford@verizon.net**

12.    Mrs. Nickens began her employment with SECU as a part-time teller. After her ninety (90) day probationary period, Mrs. Nickens was promoted to full time employment and received a raise.

13.    During her almost seventeen (17) years of employment, Mrs. Nickens was a exemplary employee. Based on her diligence, professionalism and tact, she quickly moved up the Corporate latter.

14.    She was promoted, from Teller, to Financial Services Counselor (FSC), to a Sr. FSC, Acting Lead FSC and subsequently to Lead FSC. During her tenure she received numerous awards and commendations, including top seller, president's awards and bonuses. Mrs. Nickens also received numerous thank you notices from SECU's former president Terry Hallak sent Mrs. Nickens numerous written thank you cards for Mrs. Nickens outstanding customer service as a result of receiving numerous customer comments about such outstanding work.

15.    On or around January 2008, SECU began its campaign to target and terminate or force to quit employees over the age of 40 and/or African American. As part of this plan, SECU implemented a new slogan "Different Direction".  Defendant Groshack was the Regional Manager and was also responsible for supervising Edwards and Templeton-Shank. He was also in Plaintiff's direct chain of command.

16.    SECU's new direction including hiring young Branch Managers and Managers under the age of forty (40).

17.    SECU's new direction included, the targeting of employees over the age of 40 and also those employees that were African American.

18.    On or around September 2008, Plaintiff immediate Supervisor Patricia Brune, Caucasian female, over the age of 40, was forced to retire as a result of the new direction strategy employed by SECU. It was at this time that, Defendant Carlos Edwards and Tracy Templeton-

Shank, added all of Mrs. Brune's employment responsibilities to Mrs. Nicken's quite lengthy job description. At no time did Defendant Edwards or Templeton-Shank provide Plaintiff with additional pay, they simply told Plaintiff that the position of Supervisor had been terminated companywide and that Plaintiff would have to now perform these numerous additional duties.

19.     Plaintiff performed the duties to the best of her abilities, although she was still being held responsible for all the many duties which were apart of her position as a Sr. FSC. Despite her good faith efforts to juggle both responsibilities, she was subsequently disciplined by Edwards and Templeton-Shank for not being able to perform the work of two (2) employees.

20.     Despite SECU's ,Edwards and Templeton-Shank's attempt to force Plaintiff to quit, she held steadfast and was determined to show SECU that she was still dedicated hardworking employee and that she would do what needed to be done to assist SECU with its goals and business objections.

21.     At some point in July 2010, despite having been unfairly disciplined, Plaintiff interviewed for the position of Lead FSC, which Edwards and Templeton-Shank had informed her had been re-created. Mrs. Nickens was offered the position with a minuet increase of $600.00, despite the fact that she had been performing the position without pay two-years prior. Mrs. Nickens was assured that she would have all of management support in the position and that they believed that she was well qualified. Based on these assurances, Mrs. Nickens accepted the position.

22.     During her almost two-year tenure as Lead FSC, Mrs. Nickens was unfairly targeted by SECU, Edwards, Templeton-Shank and Christopher Groshack. She was placed on numerous performance improvement plans (PIP) and despite their assurance, Management failed to give any support, but simply sought to develop a file so that they could eventually terminate Plaintiff.

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218 Tel: (410) 662-1230 Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

23.     In  the  early  part  of  2011,  Plaintiff  was  in  a  meeting  with  Defendant  Edwards regarding her staff and it was at this time that Defendant Edwards commented that he wished he could "fire" all her staff and replace them with young and vibrant workers. Defendant Edwards kept his promise in this regard.

24.     Several of Plaintiff's employees over the age of 40 were terminated, forced to resign or transferred. All at Defendants' Edwards and Templeton-Shank's urging.

25.     In the latter part of 2011, Plaintiff was placed on a performance improvement plan (PIP) for not picking up pieces of the ceiling which had fell as a result of a leak in the ceiling. The PIP is essentially a final notice before termination. It is also important to note, that weeks prior, Defendant Edwards had also left debris from the ceiling for hours before he finally picked it up. Upon information and belief Defendant Edwards was not placed on a PIP nor was he disciplined.

26.     Also, in the latter part of 2011, Defendant Edwards and Templeton-Shank willfully broke  company  policy  and  cashed  money  orders  totaling  $4000.00  for  a  non-member. Subsequently, the money orders came back as fraudulent, thereby causing SECU a loss. It is SECU's policy that all money-orders and checks over a certain amount for non-members not be cashed. The Defendants' willful and knowing failure to follow SECU's policy was a security breach and serious compliance matter. Despite the seriousness as stated, Edwards and Templeton-Shank were not terminated and as of this writing still maintain their employment with SECU.

27.     On June 4, 2012, Plaintiff was called into an impromptu meeting with Defendants' Edwards and Templton-Shank and advised that SECU had decided to terminate her employment, because she removed a hold from an account causing SECU a lost of $1900.00. They stated that they talked it over with the District Manager "Ellen" and that they decided it would be best to terminate Plaintiff's employment for cause. Plaintiff was handed a box of her artifacts and escorted across the floor and out the front door.

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218 Tel: (410) 662-1230 Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

28.     Upon information and belief , SECU Employee B. Chona , female, under 40, white, forged her husbands signature on a loan. She was not terminated. She is still employed with SECU and is now Plaintiff's position as Lead FSC.

29.     Upon information and belief, SECU Manager A. Kadantseva, white female under 40, created fraudulent paystubs in connection with a loan. This was unethical and criminal, yet Ms. Kadantseva was not terminated for her actions, she was simply demoted.

30.     Upon information and belief, employee "Julie", Caucasian female, under 40 was allowed to resign from her position as a result of losses SECU sustained.

31      Upon information and relief on around April 2013, Defendant Edwards once again broke company policy and released a hold from a check over $100,000.00. The check was subsequently returned as a stop payment, thus causing SECU a potential loss of over six figures. Upon information and belief Mr. Edwards was not terminated and remains employed.

32.     In furtherance of its "Different Direction" strategy, on August 16, 2012, SECU announced that it was transferring a third of its workforce to a servicing company by the name of S3. Per Defendant Staatz, the employees will need to reapply for their jobs. Upon information and belief, this means that SECU employees will loose seniority as well as retirements.

33.     Plaintiff has suffered extreme harm, the potential loss of her home and health as a result of the Different Direction scheme employed by SECU and it's agents. Plaintiff continues to be harmed.

## COUNT ONE
## DISPARATE TREATMENT ON THE BASIS OF RACE
## IN VIOLATION OF TITLE VII
### (AGAINST SECU)

33.     Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that at all times relevant hereto the Plaintiff suffered disparate treatment discrimination because of her Race.

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218 Tel: (410) 662-1230 Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

34.     Defendant intentionally, with malice and reckless indifference to federal, state, and local laws prohibiting race discrimination in employment, treated the Plaintiff adversely, while similarly situated Caucasian employees were treated more favorably in the terms and conditions of employment including promotion, training, work assignments, advancement opportunities, overtime pay, disciplinary actions and other work benefits.

35.     The race discrimination suffered by the Plaintiff adversely affected the terms, conditions, and privileges of her employment.

36.     Defendant had actual and/or constructive knowledge about the race discrimination and disparate treatment and not only failed to take prompt and adequate remedial action, but acquiesced the race discriminatory conduct and disparate treatment of the Plaintiff by their non-action.

37. As a direct and proximate result of this race discrimination and disparate treatment, the Plaintiff has suffered the loss of  employment, promotion,  loss of training, loss of employment opportunities, loss of income and benefits, and has suffered injury to her reputation, injury to her career, pain, mental anguish, and humiliation; and, faces irreparable harm and future losses.

**WHEREFORE,** the Plaintiff requests that this Court enter judgment against the Defendant providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Punitive damages for defendants' outrageous and reprehensible conduct;

f. Sanitize her personnel records and other records about herto eliminate the improperly imposed discipline;

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218 Tel: (410) 662-1230 Fax: (410) 662-1238**

**attorneyjlcrawford@verizon.net**

g. Such other legal and equitable relief as may be just and proper under the circumstances.

## COUNT TWO
## <u>DISPARATE IMPACT IN VIOLATION OF TITLE VII</u>
### (AGAINST SECU)

38.     Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that at all times relevant hereto the Plaintiff suffered disparate impact discrimination because of her race.

39.     Defendants used the following discriminatory employment practices in violation of Title VII: unlawfully discipline, work assignments and subsequently termination policies. Although these practices appear to be neutral, they serve to discriminate against a disproportionate number of persons of Plaintiff's race.

40.     Defendants also use the absence of appropriate personnel and administrative policies and procedures to justify the discriminatory actions taken against Plaintiff.   These practices serve to disparately impact Plaintiff and other African American employees in violation of Title VII.

**WHEREFORE,** the Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Punitive damages for defendants' outrageous and reprehensible conduct;

f. Sanitize her personnel records and other records about her to eliminate the improperly imposed discipline;

g. Such other legal and equitable relief as may be just and proper under the circumstances.

Law Office Of
**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

## COUNT THREE
## HOSTILE WORK ENVIRONMENT BASED ON RACE IN VIOLATION OF TITLE VII
(AGAINST SECU)

41.     Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that at all times relevant hereto the Defendants created a hostile and offensive environment based on race.

42. The Defendant and its agent's harassment were unwelcomed.

43. The Defendant and its harassment of Plaintiff were because of her race in violation of Title VII.

44. The harassment as described in the aforementioned paragraphs was severe and pervasive.

45.     The racially motivated hostile environment adversely effected Plaintiff's employment with Defendant.

46. Defendants had actual and/or constructive knowledge about the racially hostile work environment and not only failed to take prompt and adequate remedial action, but instead, participated in the racially hostile environment.

47. As a direct and proximate result of this racially motivated hostile environment. Plaintiff has suffered the loss of her employment, has suffered injury to her reputation, injury to her career, pain, mental anguish, and humiliation; and, faces irreparable harm and future losses.

**WHEREFORE,** the Plaintiff requests that this Court enter judgment against the Defendant providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218 Tel: (410) 662-1230 Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

e. Punitive damages for defendants' outrageous and reprehensible conduct;

f. Sanitize her personnel records and other records about her to eliminate the improperly imposed discipline;

g. Such other legal and equitable relief.

## COUNT FOUR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BASED ON TITLE VII
### (SECU)

48. Plaintiff  individually re-alleges and incorporates by reference paragraphs one 1 through 47 into this count as though fully set forth herein, and further alleges that at all times relevant hereto Plaintiff suffered severe mental and emotional distress.

49. Defendant actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

50. As a result of Defendant actions, Plaintiff  has suffered irreparable injuries, including but not limited to  loss of employment, loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

**WHEREFORE,** Plaintiff prays judgment individually and severally against Defendant in the amount of $5,000,000.00 (Five Million Dollars), and $20,000,000.00 (Twenty Million Dollars) in punitive damages, plus reasonable attorney's fees and cost.

## COUNT FIVE
## CONSTRUCTIVE TERMINATION
### (ALL DEFENDANTS')

51.    Plaintiff incorporates all prior counts and paragraphs as if fully written herein.

52.    Defendants' were aware of the age, sex and racially motivated hostile work environment inflicted on Plaintiff.

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel:  (410) 662-1230
Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

53.     Defendants' had actual and/or constructive knowledge about the age, sex and racially motivated discrimination and not only failed to take prompt and adequate remedial action, but instead, participated.

54.     The treatment of Plaintiff was done with malice and reckless disregard of fundamental decency with the intention of causing Plaintiff's termination of her employment with her employer.

55.     The conduct of Defendants' was intentional, willful, and calculated to cause damage to the plaintiff's lawful employment with her employer.   Their conduct was perpetrated with the intentional and improper purpose of causing damage to Plaintiff and was without justifiable cause.

56.     As a result of the conduct of Defendants' plaintiff suffered loss of employment, loss of pay, loss of wages, severe emotional trauma including anxiety, depression, financial losses and fringe benefits.

57.     As a result of defendants' conduct and actions Plaintiff has suffered and will continue to suffer loss of employment, lost wages and other consequential damages and harm to her reputation.

**WHEREFORE,** Plaintiff prays judgment individually and severally against each Defendants' in the amount of $5,000,000.00 (Five Million Dollars), and $20,000,000.00 (Twenty Million Dollars) in punitive damages, plus reasonable attorney's fees and cost.

## COUNT SIX
## NEGLIGENT HIRING AND RETENTION
### (SECU AND DEFENDANT STAATZ)

58.     Plaintiff incorporates all proceeding and following paragraphs hereto and as though fully set forth herein.

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218 Tel: (410) 662-1230 Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

59.     An employer has an obligation to its employees and others who will come in contact with them to provide a safe and productive working environment free from discriminatory animus.

60.     Plaintiff alleges and therefore avers that Defendants have  policies (or lack thereof), practices and customs to: a) engage in employment discrimination, because of race, sex and age; b) acquiesces to command and supervisory personnel's conduct, such as but not limited to Defendants Groshack, Edwards and Templeton-Shanl , that aids and abets the Employers aforementioned policy, practice and customs to engage in employment discrimination and retaliation.

61.     Defendants had a duty to use reasonable care in selecting and retaining employees who were competent and fit to perform the duties Managers.

62.     Defendants had actual knowledge of Defendants' Groshack, Edwards and Templeton-Shank to discriminate against similarly situated employees and ignored facts so indicating.

63.     A reasonable and prudent employer would not have ignored such indications of Groshack, Edwards and Templeton-Shank's unfitness for such duties.

64.     Defendants knew or should have known that Groshack, Edwards and Templeton-Shank would use discriminatory means against the Plaintiff and similarly situated employees.

65.     Plaintiff was in a protected class and it would be foreseeable based on the conduct described above that such actions would occur against the Plaintiff and similarly situated employees.

66.     Therefore, Defendants owed such a duty to Plaintiff, and such duty was breached.

67.     As a result of Defendants negligent hiring and retaining Groshack, Edwards and Templeton-Shank in their respective positions, Plaintiff suffered injuries as alleged.

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

**WHEREFORE,** Plaintiff prays judgment individually and severally against each Defendant in the amount of $1,000,000.00 (One Million Dollars), and $10,000,000.00 (Ten Million Dollars) in punitive damages, plus reasonable attorney's fees and cost.

**COUNT SEVEN**
**DISPARATE IMPACT IN VIOLATION OF MD.**
**STATE GOVERNMENT CODE ANN. § 20-606)**
**(SECU)**

68.     Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that at all times relevant hereto the Plaintiff suffered disparate impact discrimination because of her race, age and sex.

67.     Defendant used the following discriminatory employment practices in violation of Md. State Government Code Ann. § 20-606: disciplinary policies and practices, , performance review and evaluation policies and practices, work schedules and assignments policies and practices. Although these practices appear to be neutral, they serve to discriminate against a disproportionate number of female employees, employees over the age of 40 or African American employees.

68.     As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff has suffered irreparable injuries, including but not limited to loss of employment, loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

**WHEREFORE,** Plaintiff prays judgment individually and severally against each Defendant in the amount of $5,000,000.00 (Five Million Dollars), and $20,000,000.00 (Twenty Million Dollars) in punitive damages, plus reasonable attorney's fees and cost.

Law Office Of
**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

## COUNT EIGHT
## <u>VIOLATIONS OF THE EQUAL PAY ACT (EPA)</u>
## (DEFENDANT SECU)

69.     Plaintiff re-alleges paragraphs 1- 68 of the Complaint, and incorporates herein the allegations of facts and circumstances in those paragraphs.

70.     By failing to pay Plaintiff her wages for work performed Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 206.

71.     Defendant in fact paid similarly situated males more than Plaintiff for the same work.

72.     Plaintiff became aware of these facts on or around July 2012.

73.      Defendants' violation of the Fair Labor Standards Act was willful.

**WHEREFORE**, Plaintiffs request judgment against Defendants, jointly and severally, for:

(1) Wages in the amount of the underpayments described above, or in the amount determined from Defendants' records or at trial;

(2) Additional amounts of liquidated damages equal to the back pay amounts described above or determined at trial, as authorized by 29 U.S.C. § 216(b);

(3) Plaintiffs' reasonable attorney fees and costs or this action, as authorized by 29 U.S.C. § 216(b); and

(4) Such other further relief as the Court may deem appropriate.

## COUNT NINE
## <u>DISPARATE TREATMENT – RACE DISCRIMINATION</u>
## <u>IN VIOLATION OF MD. STATE GOVERNMENT CODE ANN. § 20-606</u>
## (SECU)

74.     Plaintiff incorporates all paragraphs hereto, as though fully set forth herein and further alleges that at all times relevant hereto the Plaintiff suffered race discrimination.

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218 Tel: (410) 662-1230 Fax: (410) 662-1238**

**attorneyjlcrawford@verizon.net**

75.     The Defendant intentionally, with malice and reckless indifference to federal, state, and local laws prohibiting race discrimination in employment, directly discriminated against Plaintiff as described in foregoing paragraphs.

76.     The racially motivated discriminatory action suffered by the Plaintiff adversely affected the terms, conditions, and privileges of Plaintiff's employment.

77.     Defendants had actual and/or constructive knowledge about the race discrimination and disparate treatment and not only failed to take prompt and adequate remedial action, but also instead, participated in the race discriminatory conduct and disparate treatment of the Plaintiff.

78.     As a direct and proximate result of this race discrimination and disparate treatment, the Plaintiff has suffered the loss of employment, loss of income, has suffered injury to her reputation, pain, mental anguish, and humiliation; and, faces irreparable harm and future losses.

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Punitive damages for defendants' outrageous and reprehensible conduct;

f. Sanitize her personnel records and other records about her to eliminate the improperly imposed discipline;

g. Such other legal and equitable relief

### COUNT TEN
### <u>RESPONDEAT SUPERIOR</u>
### (SECU AND STAATZ)

79.     Plaintiff incorporates each and every fact stated in this complaint as though fully set forth herein.

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238**

**attorneyjlcrawford@verizon.net**

80.     Plaintiff sues each Defendant named herein jointly and severally, in their official and individual capacity for the reasons stated in this count.

81.     Defendants' Edwards, Templeton-Shank and Groshack at all relevant times were employees of the Defendants SECU and Staatz.

82.     The acts stated against this complaint were committed within the scope of their employment and committed while on duty and in furtherance of SECU and Staatz.

83.     SECU and Staatz are responsible for all of the acts committed by the said defendants that were committed within the scope of their employment.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages in the amount of Two Million Dollars ($2,000,000.00), with interests and costs.

## COUNT ELEVEN
## AGE DISCRIMINATION IN VIOLATION OF ADEA
### (SECU)

84.     Plaintiff incorporates each and every fact stated in this complaint as though fully set forth herein.

85.     At all relevant times, age was a determining factor the defendants' decision to discipline plaintiff and  subsequently the constructive discharge of the Plaintiff.

86.     Plaintiff's performed successfully on all her assignments and evaluations, and her overall job performance was consistent with the legitimate expectation of Defendants.

87.     Plaintiff is over 40 years of age, to wit, 55, and after her termination of employment, a younger person under the age of 40, was assigned to her position.

88.     Defendants' knowingly and willfully discriminated against Plaintiff on the basis of her age in violation of the ADEA.

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218 Tel:  (410) 662-1230 Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

89.     As a direct and the proximate result of the Defendants' acts and/or omissions the Plaintiff sustained economic injuries, humiliation, embarrassment, unnecessary pain, and a loss of employment for which the Defendant has not but is required by law to provided a remedy.

WHEREFORE, the Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Sanitize her personnel records and other records about her to eliminate the improperly imposed discipline;

f. Such other legal and equitable relief as may be just and proper

## COUNT TWELVE
## (DISPARATE TREATMENT – AGE DISCRIMINATION
## IN VIOLATION OF MD. STATE GOVERNMENT CODE ANN. § 20-606).
## (SECU)

90.     Plaintiff incorporates all paragraphs hereto, as though fully set forth herein and further alleges that at all times relevant hereto the Plaintiff suffered age discrimination.

91.     Age was a determining factor in Defendants' decision to discriminate against Plaintiff and subsequently termination.

92.     Defendant  knowingly and willfully discriminated against Plaintiff because of her age in violation of Md. State Government Code Ann. § 20-606. Plaintiff suffered mental anguish and emotional distress in the form of depression, stress, anxiety, panic attacks, low self-esteem, inability to sleep, weight gain, inability to socialize with others, lack of enjoyment from activities used to like, upset stomach, headaches,  high blood pressure, migraines, skin rashes, indigestion, bowel troubles, anger, frustration, feelings of hopelessness, shortness of breath, hot flashes, poor

Law Office Of
**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218**
**Tel: (410) 662-1230**
**Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

concentration, difficulty making decisions, repeated and uncontrollable thoughts about the way Plaintiff was treated at work, low energy, and fatigue.

WHEREFORE, the Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Sanitize her personnel records and other records about her to eliminate the improperly imposed discipline;

f. Such other legal and equitable relief as may be just and proper under the circumstances

**COUNT THIRTEEN**
**CIVIL CONSPIRACY**
**(All Defendants')**

93.     Plaintiff incorporates all paragraphs hereto, as though fully set forth herein

94.     Plaintiff sues each Defendant named herein jointly and severally, in their official and individual capacity for the reasons stated in this count.

95.     To prove that a Defendant conspired or aided and abetted in committing in unlawful act under Maryland Law, the plaintiff must demonstrate that the defendant knowingly associated himself with the person or persons who committed the unlawful act, that he participated in the unlawful act as something he wished to bring about and that he intended by their actions to make it succeed.

96.     The acts described above established that each defendants referenced herein knowingly associated with each other, with said defendants participating in the unlawful and

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218 Tel: (410) 662-1230 Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

discriminatory "Different Direction" scheme to rid SECU of employees over the age of 40, African American and because of sex (female), with each defendant intending by its actions to make said fraud and deception succeed.

97.     The actions of the defendants were intentional, willful and wanton.

98     Due to the defendants' civil conspiracy and the aiding and abetting of their unlawful acts, the Plaintiff is entitled to compensatory and punitive damages, imposed jointly and severally among the defendants', and any other relief this court deems equitable.

WHEREFORE, Plaintiff demands judgment against the Defendants' jointly for $2,000,000.00 (TWO MILLION DOLLARS) with interest and attorneys fees and such other relief as may be deemed just and equitable.

**COUNT FOURTEEN**
**DEPRIVATION OF EQUAL RIGHT UNDER THE LAW**
**VIOLATION OF SECTION 1981**
**(SECU)**

99.     Plaintiff incorporates all paragraphs as though fully set forth herein, and further alleges that at all times relevant hereto SECU denied and deprived the Plaintiff of her equal rights under the law, in violation of Section 1981.

100.     The Defendant intentionally, with malice and reckless indifference to federal, state, and local laws prohibiting racial discrimination in employment, denied and deprived the Plaintiff of her equal rights to make and enforce the Plaintiff's employment agreement; and denied and deprived the Plaintiff of her equal rights to enjoyment of all benefits, privileges, terms, and conditions of the Plaintiff's employment agreement.

101.     The denial of the Plaintiff's equal rights under the law, adversely effected the terms, conditions, and privileges of her employment.

Law Office Of
**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

102.   The Defendant had actual and/or constructive knowledge about the denial and deprivation of the Plaintiff's equal rights under the law, and not only failed to take prompt and adequate remedial action, but participated in denying the Plaintiff her equal rights under the law.

103.   As a direct and proximate result of the denial of the Plaintiff's equal rights to make and enforce the Plaintiff's employment agreement, and as a direct and proximate result of the denial of the Plaintiff's equal rights to enjoyment of all benefits, privileges, terms, and conditions of her employment, the Plaintiff had suffered the termination of her employment, loss of income, pain, mental anguish, and humiliation; and, faces irreparable harm and future losses.

WHEREFORE, Plaintiff prays that this court enter judgment in Plaintiff's favor and grant Plaintiff the maximum relief allowed by law, including, but not limited to;

(b) back pay, interest on back pay, and front pay;

(c) compensatory and punitive damages of one million dollars ($1,000,000.00) per count;

(d) attorneys' fees, costs, pre-judgment and post-judgment interest; and,

(e) such other relief as are just and equitable under the circumstances.

**ATTORNEY FEES**

104   Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k) and pursuant to other statutes under which this suit is brought.

**PRAYER**

105.   Plaintiff prays that this  Court enter judgment for him and against the Defendants, and that this Court award Plaintiff such relief needed to make the Plaintiff whole and remedy the violations; hold the Defendants joint and several liable, and to award all legal and equitable relief the law may allow; such as but not limited to:

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue Baltimore, MD 21218 Tel: (410) 662-1230 Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

a) Declaratory and injunctive relief that declare the acts or policy of the Defendant SECU unconstitutional;

b) Compensatory damages to compensate for the actual harm sustained

c) Statutory damages such as back pay and interest on back pay;

d) Consequential damages for the natural consequential damages flowing from the harm;

e) Punitive damages;

f) Nominal damages;

g) Reinstatement

h) Front pay

i) An award of reasonable attorney fees and litigation cost; and,

j) Such other and further relief as may be deemed just and proper.

Signed this 14TH day of May , 2013

Respectfully Submitted,

**TERRY LEE NICKENS**

By:    THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC

Jessie Lyons Crawford, Esq.
Federal Bar No.: 25247
2601 Maryland Avenue
Baltimore, Maryland 21218
(410) 662-1230, Office
(410) 662-1238, Facsimile
attorneyjlcrawford@verizon.net

COUNSEL TO PLAINTIFF

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

## JURY TRIAL PRAYER

Plaintiff asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.


_____
Jessie Lyons Crawford, Esq.

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax:(410) 662-1238**

attorneyjlcrawford@verizon.net