IN THE UNITED STATES DISTRICT COURT OF MARYLAND

| | |
|---|---|
| **TERRY LEE NICKENS** * | |
| * | |
| **Plaintiff** * | |
| v * | |
| * | CASE NO.: 1:13-cv-01430-RDB |
| **SECU**, *et al* * | |
| * | |
| **Defendants.** * | |
| * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

NOW COMES, Terry Lee Nickens, "Plaintiff", by her undersigned counsel and files this Motion for Leave to File Second Amended Complaint. In support thereof state:

1.	The Plaintiff seeks to amend her Complaint to add specificity to his allegations, to clarify facts, to add additional counts and to remove counts. Plaintiff will add counts under the Age Discrimination Act and remove her Infliction of Emotional Distress claim.

2.	The Defendants' have filed a Motion to Dismiss Plaintiff's Amended Complaint based on allegations of the sufficiency of the Complaint.

3.	Specifically, Plaintiff has removed Count Four, Infliction of Emotional Distress and have also added an additional count for Hostile Work Environment based on age.

4.	It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a). See Coral v. Gonse, 330 F.2d 997, 998 (4th Cir.1964). The Plaintiff has the right to Amend his Complaint once before a responsive pleading has been filed. A motion to dismiss is not considered responsive. Domino Sugar Corp. v. Sugar Workers Local 392, 10 F.3d 1064, 1068 n. 1 (4th Cir.1993) (citing United States v. Newbury Mfg. Co., 123 F.2d 453 (1st Cir.1941)).

5. Fed. R. Civ. P. 15(a)(1)-(2). "The federal policy of liberality in permitting amendments to pleadings, as embodied in [Fed. R. Civ. P. 15], is self-evident." *Davenport v. Ralph N. Peters &* Co., 386 F.2d 199, 204 (4th Cir. 1967). [T]he general rule is that leave to amend a complaint under Federal Rule of Civil Procedure 15(a) should be freely given, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted). *Steinburg v. Chesterfield County Planning Com'n*, 527 F.3d 377, 390 (4th Cir. 2008). "It is this Circuit's policy to liberally allow amendment in keeping with the spirit of [Fed. R. Civ. P.] 15(a)." *Galustian v. Peter,* 591 F.3d 724, 729 (4th Cir. 2010) (citing *Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964)). "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." *Harless v. CSX Hotels, Inc*., 389 F.3d 444, 447 (4th Cir. 2004) (citing *Ward Elec. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987)).

6. The proposed amended complaint does not prejudice the Defendants'. Here, Plaintiff simply seek[s] to add specificity to her allegations and remove and add counts. This Court have stated in situations where defendants' are aware of the circumstances giving rise to the action, no prejudice can be claimed." *Matrix Capital Management Fund, LP v. BearingPoint, Inc*., 576 F.3d 172, 195 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999) (noting that merely adding specificity to allegations generally does not cause prejudice to the opposing party); *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980) ( "Because defendant was from the outset made fully aware of the events giving rise to the

action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case.")) (additional citation omitted).

7. Moreover, the legal claims presented in the proposed Second Amended Complaint are identical to those presented in the original Complaint and thus do not prejudice the Defendants.

8. In light of the settled Supreme Court and Fourth Circuit precedent liberally applying the dictate of Fed. R. Civ. P. 15(a)(2) that "[t]he court should freely give leave when justice so requires," Plaintiff respectfully requests that this Honorable Court enter an order granting Plaintiff leave to file an amended complaint and accepting and filing the proposed Third Amended Complaint accompanying this Motion.

9. There is no evidence before the Court indicating bad faith or undue delay by Plaintiff, and her amendments are not facially frivolous in light of the facts alleged.

10. It is also important to note that no Scheduling Order has been entered to date and no discovery conducted.

WHEREFORE, Plaintiff respectfully requests that the Second Amended Complaint be accepted for filing and for such other and further relief as may be deemed just and proper.

/s/ Kim Parker
_____
Kim Parker, Esquire
Federal Bar No.: 23894

THE LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
(410) 234-2621, Office
(410) 234-2612, Facsimile
Email: kp@kimparkerlaw.com

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, the foregoing Motion for Leave to File Second Amended Complaint, was served on the Defendants' aforementioned Counsel by electronic means and through the Court's ECF Noticing system to:

Lisa Y Settles, Esquire
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Rd Ste 400
Towson, MD 21204
*Counsel for Defendants'*

/s/ Kim Parker
───────────────────────────
Kim Parker, Esquire

IN THE UNITED STATES DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| **TERRY LEE NICKENS** | * | |
| | * | |
| **Plaintiff** | * | |
| v | * | |
| | * | CASE NO.: 1:13-cv-01430-RDB |
| **SECU**, *et al* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER

UPON CONSIDERATION of Plaintiff's Motion for Leave to File Second Amended Complaint, it appearing that good cause having been stated, it is herby this _____day of _____, 2013, ORDERED, that the Motion is GRANTED, and it is further ORDERED, that the Defendants' plead or otherwise respond to the Compliant within \_\_\_\_days from the date of this ORDER.

_____
**JUDGE RICHARD D. BENNETT**