IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**TERRY LEE NICKENS**
    Plaintiff                                    \*         Case No.: 1:13-cv-01430-RDB

vs.
**STATE EMPLOYEE'S CREDIT UNION**, *et al*
    Defendants

## PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES'

NOW COMES, TERRY LEE NICKENS, "Plaintiff", by her undersigned counsel and pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure and move this Honorable Court to strike the Defendants Affirmative Defenses raised in the Defendants Answer to Plaintiff's Second Amended Complaint. In support thereof state:

1. On December 23, 2013, the Defendants filed an Answer to Plaintiff's Second Amended Complaint.

2. In their respective answer the Defendants raised six (6) Affirmative Defenses.

3. The Affirmative Defenses should be stricken for failing to allege facts to support the Affirmative Defenses as required by the heightened pleading standard. Pursuant to Rule 12(f), a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent , or scandalous matter." Fed. R. Civ. P. 12(f). In addition, a court "may strike a defense that is clearly insufficient as a matter of law." *Hanzlik v. Birach,* 2009 U.S. Dist. LEXIS 63091, at \*8 (E.D. Va. July 14, 2009) (citing *Microsoft Corp.v. Computer Support Servs. of Carolina, Inc* ., 123F. Supp. 2d 945, 949 (W.D.N.C. 2000)). Thus, a defense may be stricken if it does not meet the pleading requirements of Rules 8 and 9. See *McLemore v. Regions Bank* , 2010 U.S. Dist. LEXIS 25785, at \*44(M.D. Tenn. Mar. 18, 2010). *See* also *Ashcroft v. Iqbal,*

129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), stating that the Defendants give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case. See *Bradshaw v. Hilco Receivables*, LLC, 725 F. Supp. 2d 532-Dist.Court, D. Maryland 2010 citing *Palmer v. Oakland Farms, Inc*.,2010 U.S. Dist. LEXIS 63265, at *4 (W.D. Va. June 24, 2010).

4. The fact that Defendants included a *Reservation of Rights* regarding the inapplicable affirmative defenses does excuse them from stating such defenses with specificity in order to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial. See *Hayne v. Green Ford Sales, Inc*., 263 F.R.D. 647, 649 (D. Kan.2009).

5. The Defendants First Affirmative Defense states, "**The Second Complaint and each of the purported claims for relief asserted against the Defendants fails to state a claim upon which relief can be granted and/or fails to allege facts sufficient to constitute a cause of action against the Defendants**". The first affirmative defense fail to meet the *Twombly Iqbal* minimum pleading standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true.

6. The Defendants raised the second affirmative defense that "**The Defendants did not commit the wrongs as alleged**". The second affirmative defense fail to meet the *Twombly Iqbal* minimum pleading standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true.

7. The Third Affirmative Defense claims that "**The Defendants are not legally responsible for any injuries or damages allegedly sustained by Plaintiff's about which she complains**". The third affirmative defense fail to meet the *Twombly Iqbal* minimum pleading standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true. Moreover, Defendant's third affirmative defense is nothing more than a restatement of their denials of the plaintiff's damage claims already plead in their Answer. This duplicate defense is both "unnecessary and inappropriate." *Yash Raj Films (USA), Inc. v. Atlantic Video ,* 2004 U.S.Dist. LEXIS 9739, *11 (NDIll. 2004).

8. The Fourth Affirmative Defenses states that "**No act or omission on the part of the Defendants caused or contributed to any of the injuries or damages claimed by Plaintiff and, therefore, Plaintiff is not entitled to recovery from the Defendants**". The Fourth Affirmative defense likewise fails to meet the minimum pleadings standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true.

9. The Fifth Affirmative Defense states "**Any injuries and damages alleged to have been suffered or incurred by Plaintiff resulted from the acts and omissions of persons or entities which are not parties to this action or for which the Defendants cannot be held legally responsible**". The Fifth Affirmative defense likewise fails to meet the minimum pleadings standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true. The Defendants failed to state who these purported other persons or entities

which are not parties to this action are and why they feel they cannot be held legally responsible.

10. The Six Affirmative Defense states **"Plaintiff's claims are barred in whole or in part by the applicable statute of limitations"**. The Six Affirmative defense likewise fails to meet the minimum pleadings standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true. The Defendants admitted in their answer that Plaintiff exhausted administrative remedies but still asserts a statute of limitations defense.

WHEREFORE , Plaintiff respectfully requests that this Honorable Court, strike from the record the foregoing Affirmative Defenses raised by Defendants and for such other and further relief as may be deemed just and proper.

LAW OFFICES OF KIM PARKER, P.A.

_____/s/ Kim Parker/s/_____
Kim Parker, Esq
Federal Bar No.: 23894
Counsel to Plaintiff
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
kp@kimparkerlaw.com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**TERRY LEE NICKENS**
    Plaintiff      *      Case No.: 1:13-cv-01430-RDB

vs.

**STATE EMPLOYEE'S CREDIT UNION**, *et al*
    Defendants      *

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT Plaintiff's Motion to Strike Affirmative Defenses has been served on the Defendant's Counsel Lisa Settles on this 3rd day of January 2014 via the court's ECF filing system.

                                                            _____/s/ Kim Parker/s/_____
                                                             Kim Parker, Esq.
                                                             Counsel to Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**TERRY LEE NICKENS**
    Plaintiff           \*     Case No.: 1:13-cv-01430-RDB

vs.     \*

**STATE EMPLOYEE'S CREDIT UNION**, *et al*
    Defendants     \*

## ORDER

Upon consideration of the Plaintiff's Motion to Strike Affirmative Defenses, it appearing that good cause having been stated, it is hereby this ___day of _____, 2014, ORDERED, that the Defendant's Affirmative Defenses One through Six be stricken for failure to comply with the heighten pleading standard. It is further ORDERED, that the Defendants be given leave to file an Amended Affirmative Defense no later than _____;

It is further ORDERED, that if the Defendants fail to file an Amended Affirmative Defense by the aforementioned date, the Court will assume that the Defendants have waived such defenses.

SO ORDERED ON this _____day of _____, 2014

_____
The Honorable Richard Bennett
Presiding Judge