

901 DULANEY VALLEY ROAD
SUITE 400
TOWSON, MD 21204

PESSIN KATZ LAW, P.A.

TOWSON | COLUMBIA | BEL AIR

TELEPHONE 410-938-8800
FAX 410-832-5600
PKLAW.COM

LESLIE R. STELLMAN
Direct: 410-339-6752
Facsimile: 410-832-5661
lstellman@pklaw.com

March 11, 2015

**VIA ELECTRONIC FILING (CM/ECF) & REGULAR MAIL**

Hon. Richard D. Bennett
United States District Judge
United States District Court for the
 District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

> RE: Terry Lee Nickens v. State Employees Credit Union of Maryland, *et al.*, Civil Action No. 1:13-cv-1430-RDB

Dear Judge Bennett:

    I write this letter out of frustration and disappointment due to the failure of Plaintiff's counsel in the above-captioned case to reasonably cooperate with the discovery schedule prescribed in the Court's Scheduling Order, most recently issued on February 9, 2015 (Document No. 40), pursuant to which discovery is to be completed by April 6, 2015.

    Written discovery has proceeded in the form of timely responses submitted by the various named Defendants in this case to Interrogatories and Requests for Production of Documents. Defendants have attempted to cooperate with Plaintiff's request to take various depositions, some of which are scheduled for later this month, but others of which need to be confirmed between counsel. Where Plaintiff's counsel has proposed dates that are not available to the deponents, I have offered alternative dates, but my communications have gone unanswered and otherwise ignored for lengthy periods of time.

    An immediate problem is due to the fact that Plaintiff's deposition was scheduled for this Friday, March 13, 2015, but before it could proceed the Defendants were awaiting responses to their Request of the Plaintiff for Production of Documents, a request which was propounded on January 20, 2015, and therefore due on February 19, 2015. In an email dated February 26, 2015, Plaintiff's counsel committed to responding to this discovery request by March 5, 2015. When nothing was produced by March 5th, I sent the attached/enclosed correspondence to Plaintiff's

counsel dated March 9, 2015, in which I indicated that unless the responses to Defendants' discovery requests were received on or before the close of business on Tuesday, March 10th, I would be compelled to move the date for the Plaintiff's deposition.

As of this moment, I have yet to receive Plaintiff's responses to Defendants' Request for Production of Documents, which are now over 19 days late. Accordingly, I have canceled and postponed the scheduling of Plaintiff's deposition to an uncertain date, because Plaintiff's counsel is simply unable or unwilling to remain in touch with me. As my March 9th letter to Ms. Parker reflects, numerous phone calls (which only go to voice mail) and emails have remained unanswered for unreasonable amounts of time. I have tried for some time to get Plaintiff's counsel to commit to dates for the depositions of various named Defendants, but those attempts have gone unanswered. Kim Parker, Plaintiff's lead counsel, has asked me to communicate with her co-counsel Raquel White, but emails and calls to Ms. White have been equally ignored and unanswered.

With the close of discovery fast approaching, the Defendants believe they have nowhere to turn but to the Court for relief. If I am unable to obtain timely discovery responses which are necessary to conduct the Plaintiff's deposition (which is, so far, the only deposition I intended to conduct in this case), and if Plaintiff's counsel remains unwilling to communicate with me concerning the confirmation of dates for depositions that she seeks to conduct, then this Court's Scheduling Order cannot effectively be followed.

On behalf of the Defendants, I therefore respectfully request that the Court intervene in order to compel Plaintiff and her counsel to cooperate with the process they initiated by filing a federal lawsuit. The only other option I can see is in the form of sanctions pursuant to Federal Rule 37, which I am reluctant to seek without first informing the Court of the situation and seeking its intervention.

Respectfully submitted,

Leslie R. Stellman

Enclosure/attachment

cc: Kim Parker, Esq. (via email)
Raquel White, Esq. (via email)
Mr. Harry Florio, Jr. (via email)

1222860_1